PREET BHARARA
United States Attorney for the
Southern District of New York
By: DANIEL P. FILOR
   ELLEN LONDON
Assistant United States Attorneys
86 Chambers Street
New York, New York 10007
Telephone: (212) 637-2726
Fax: (212) 637-2717
Email: Daniel.Filor@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
*In re*                                            :
                                                   :
AMBAC FINANCIAL GROUP, INC.,                       :    Chapter 11 Case
                                                   :    10-15973 (SCC)
                       Debtor.                     :
                                                   :
------------------------------------------------------------------ X
AMBAC FINANCIAL GROUP, INC.,                       :
                                                   :
              Plaintiff,                           :    Adv. Proc. No. 10-4210 (SCC)
                                                   :
    -against-                                      :    ANSWER OF THE UNITED
                                                   :    STATES OF AMERICA
UNITED STATES OF AMERICA,                          :
                                                   :     ECF Case
              Defendant.                           :
                                                   :
------------------------------------------------------------------ X

Defendant United States of America (the "United States"), on behalf of the Internal Revenue Service (the "IRS"), by its attorney, Preet Bharara, United States Attorney for the Southern District of New York, answers the complaint on information and belief as follows:

**BACKGROUND**

1.     States that paragraph 1 of the complaint contains plaintiff's characterization of this action to which no response is required.  To the extent a response is required, denies the

allegations in paragraph 1 of the complaint, except admits that Ambac Financial Group, Inc. ("AFG") filed applications for tentative refunds in 2008 and 2009 and received approximately $700 million in tentative refunds, and that the IRS issued an information document request ("IDR") on October 28, 2010, seeking information about AFG's accounting method that purportedly formed the basis for AFG's request for the tentative refunds.

## NATURE OF ACTION

2.  States that paragraph 2 of the complaint contains plaintiff's characterization of this action to which no response is required.

3.  States that paragraph 3 of the complaint consists of plaintiff's characterization of this action to which no response is required.

## JURISDICTION

4.  States that paragraph 4 of the complaint consists of plaintiff's statement of jurisdiction to which no response is required. To the extent a response is required, admits the allegations in paragraph 4 of the complaint.

5.  States that paragraph 5 of the complaint consists of plaintiff's characterization of statutory provisions that it invokes in support of its pleading to which no response is required, and respectfully refers the Court to the referenced statutes for a true and accurate statement of their contents.

6.  States that paragraph 6 of the complaint consists of plaintiff's statement of jurisdiction to which no response is required. To the extent a response is required, denies the allegations in paragraph 6 of the complaint.

7. States that paragraph 7 of the complaint consists of plaintiff's statement of jurisdiction to which no response is required. To the extent a response is required, denies the allegations in paragraph 7 of the complaint.

8. States that paragraph 8 of the complaint consists of plaintiff's statement of jurisdiction to which no response is required. To the extent a response is required, admits that the statute cited in paragraph 8 of the complaint is the statute governing venue over this action.

## THE PARTIES

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the complaint.

10. Admits the allegations in paragraph 10 of the complaint.

## FACTUAL BACKGROUND

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the complaint, but admits that AFG is the parent corporation of the

consolidated federal income tax group that includes Ambac Assurance Corporation ("AAC") and Ambac Credit Products ("ACP").

      17.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17.

      18.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the complaint.

      19.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 and footnote 1 of the complaint, except admits that the IRS has not yet promulgated any guidance with respect to credit default swap ("CDS") contracts.

      20.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 and footnote 2 of the complaint.

      21.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the complaint.

      22.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the complaint.

      23.    Denies the allegations of paragraph 23 of the complaint, except admits that Debtor filed an application for a change in accounting method in April 2008 and a letter relating to the April 2008 application, which was dated September 2, 2008.

      24.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 of the complaint.

      25.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the complaint, except admits that Debtor reported approximately a $33 million taxable loss for 2007 and a $3.2 billion taxable loss for 2008.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the complaint.

27. Admits the allegations of paragraph 27 of the complaint, and avers that the amounts refunded by the IRS were tentative carryback adjustments or tentative tax refunds.

28. States that paragraph 28 of the complaint consists of plaintiff's characterization of legal conclusions to which no response is required, and respectfully refers the Court to the referenced statutes for a true and accurate statement of their contents.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 of the complaint, except admits that the IRS approved AFG's tentative carryback adjustment application and refunded AFG approximately $700 million in tentative refunds, but denies that the tentative refunds were for tax years 2007 and 2008, and avers that the tentative refunds were for tax years 2003, 2004, 2005, 2006, and 2007.

30. Admits the allegations of paragraph 30 of the complaint, except denies that the IRS "indicated to AFG that it was questioning the propriety of the Tax Refunds and was investigating whether to seek to recoup the Tax Refunds."

31. States that paragraph 31 of the complaint consists of plaintiff's characterization of legal conclusions to which no response is required, and respectfully refers the Court to the referenced statutes for a true and accurate statement of their contents.

32. States that paragraph 32 of the complaint consists of plaintiff's characterization of legal conclusions to which no response is required, and respectfully refers the Court to the referenced statutes for a true and accurate statement of their contents.

33. States that paragraph 33 of the complaint consists of plaintiff's characterization of legal conclusions to which no response is required, and respectfully refers the Court to the referenced statutes and case law for a true and accurate statement of their contents.

34. States that paragraph 34 of the complaint consists of plaintiff's characterization of legal conclusions to which no response is required, and respectfully refers the Court to the referenced statutes for a true and accurate statement of their contents, and avers that 26 U.S.C. § 7429 also is relevant to the issue of jeopardy assessment.

35. Admits the allegations of paragraph 35 of the complaint.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 of the complaint.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 of the complaint.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 of the complaint.

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 of the complaint.

40. States that paragraph 40 of the complaint consists of plaintiff's characterization of an order of the Rehabilitation Court to which no response is required, and respectfully refers the Court to the referenced order for a true and accurate statement of its contents.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 of the complaint, and states that paragraph 41 of the complaint consists of plaintiff's characterization of a non-binding term sheet and an order of the

Rehabilitation Court to which no response is required, and respectfully refers the Court to the referenced term sheet and order for a true and accurate statement of their contents.

## FIRST CLAIM FOR RELIEF

42.    Repeats and incorporates paragraphs 1 through 41 of this answer.

43.    States that paragraph 43 of the complaint consists of legal conclusions to which no response is required, and respectfully refers the Court to the referenced statute for a true and accurate statement of its contents.

44.    States that paragraph 44 of the complaint consists of legal conclusions to which no response is required, and respectfully refers the Court to the referenced statute for a true and accurate statement of its contents.

45.    States that paragraph 45 of the complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, denies the allegations in paragraph 45 of the complaint.

46.    States that paragraph 46 of the complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, denies the allegations in paragraph 46 of the complaint.

47.    States that paragraph 47 of the complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, denies the allegations in paragraph 47 of the complaint.

48.    States that paragraph 48 of the complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, denies the allegations in paragraph 48 of the complaint.

49. States that paragraph 49 of the complaint consists of legal conclusions to which no response is required. To the extent that a response is required, denies the allegations in paragraph 49 of the complaint.

50. States that paragraph 50 of the complaint consists of legal conclusions to which no response is required. To the extent that a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50 of the complaint.

51. States that paragraph 51 of the complaint consists of legal conclusions to which no response is required, and respectfully refers the Court to the referenced statutes for a true and accurate statement of their contents.

52. States that paragraph 52 of the complaint consists of legal conclusions to which no response is required. To the extent that a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52 of the complaint.

53. States that paragraph 53 of the complaint consists of legal conclusions to which no response is required. To the extent that a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53 of the complaint.

54. States that paragraph 54 of the complaint consists of legal conclusions to which no response is required. To the extent that a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54 of the complaint, and respectfully refers the Court to the referenced statute for a true and accurate statement of its contents.

55. States that paragraph 55 of the complaint consists of legal conclusions to which no response is required, and respectfully refers the Court to the referenced statutes for a true and accurate statement of their contents.

56. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56 of the complaint.

57. States that paragraph 57 of the complaint consists of legal conclusions to which no response is required. To the extent that a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57 of the complaint

58. States that paragraph 58 of the complaint consists of legal conclusions to which no response is required. To the extent that a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58 of the complaint

59. States that paragraph 59 of the complaint consists of legal conclusions to which no response is required. To the extent that a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59 of the complaint

60. States that paragraph 60 of the complaint consists of legal conclusions to which no response is required. To the extent that a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 60 of the complaint

61. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61 of the complaint.

62. States that paragraph 62 of the complaint consists of legal conclusions to which no response is required, and respectfully refers the Court to the referenced regulation for a true and accurate statement of its contents.

63. States that paragraph 63 of the complaint consists of legal conclusions to which no response is required, and respectfully refers the Court to the referenced regulations for a true and accurate statement of their contents.

64. States that paragraph 64 of the complaint consists of legal conclusions to which no response is required. To the extent that a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 64 of the complaint, and respectfully refers the Court to the referenced regulations for a true and accurate statement of their contents.

65. States that paragraph 65 of the complaint consists of legal conclusions to which no response is required. To the extent that a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 65 of the complaint, and respectfully refers the Court to the referenced proposed regulations for a true and accurate statement of their contents.

66. States that paragraph 66 of the complaint consists of legal conclusions to which no response is required, and respectfully refers the Court to the referenced proposed regulations for a true and accurate statement of their contents.

67. States that paragraph 67 of the complaint consists of legal conclusions to which no response is required, and respectfully refers the Court to the referenced proposed regulations for a true and accurate statement of their contents.

68. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 68 of the complaint.

69. States that paragraph 69 of the complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 69 of the complaint, and respectfully refers the Court to the referenced proposed regulations for a true and accurate statement of their contents.

70. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 of the complaint.

71. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71 of the complaint.

72. States that paragraph 72 of the complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 72 of the complaint, and respectfully refers the Court to the referenced proposed regulation for a true and accurate statement of its contents.

73. States that paragraph 73 of the complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 73 of the complaint, and respectfully refers the Court to the referenced proposed regulation for a true and accurate statement of its contents.

74. States that paragraph 74 of the complaint consists of legal conclusions to which no response is required. To the extent that a response is required, denies the allegations of paragraph 74 of the complaint.

75. States that paragraph 75 of the complaint consists of legal conclusions to which no response is required. To the extent that a response is required, admits the allegations of paragraph 75 of the complaint, and respectfully refers the Court to the referenced regulation for a true and accurate statement of its contents.

76. States that paragraph 76 of the complaint consists of legal conclusions to which no response is required. To the extent that a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 76 of the complaint, and respectfully refers the Court to the referenced regulations for a true and accurate statement of their contents.

77. States that paragraph 77 of the complaint consists of legal conclusions to which no response is required. To the extent that a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 77 of the complaint.

78. States that paragraph 78 of the complaint consists of legal conclusions to which no response is required. To the extent that a response is required, denies the allegations of paragraph 78 of the complaint.

**SECOND CLAIM FOR RELIEF**

79. Repeats and incorporates paragraphs 1 through 78 of this answer.

80. States that paragraph 80 of the complaint consists of legal conclusions to which no response is required, and respectfully refers the Court to the referenced statutes for a true and accurate statement of their contents.

81. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 81.

82. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 82 of the complaint.

83. States that paragraph 83 of the complaint consists of legal conclusions to which no response is required. To the extent that a response is required, denies the allegations of paragraph 83 of the complaint.

84. States that paragraph 84 of the complaint consists of legal conclusions to which no response is required. To the extent that a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 84 of the complaint.

85. States that paragraph 85 of the complaint consists of legal conclusions to which no response is required. To the extent that a response is required, denies the allegations of paragraph 85 of the complaint.

86. States that the allegations in the paragraph beginning "Wherefore" and the subparagraphs on page 30 of the complaint constitute plaintiff's demand for judgment to which no response is required. To the extent a response is deemed necessary, denies the allegations in the paragraph beginning "Wherefore" and the subparagraphs on page 30 of the complaint.

## FIRST DEFENSE

The complaint should be dismissed to the extent the Court lacks jurisdiction over the subject matter of the complaint.

## SECOND DEFENSE

Any judgment or injunction against the IRS is barred by sovereign immunity generally and also by 26 U.S.C. § 7421(a).

## THIRD DEFENSE

The complaint should be dismissed to the extent it fails to state a claim upon which relief could be granted.

WHEREFORE the United States prays that this Court enter judgment in favor of defendant, and against plaintiff, dismissing plaintiff's complaint and granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
       January 14, 2011

                                        PREET BHARARA
                                        United States Attorney for the
                                        Southern District of New York
                                        Attorney for the United States

                                        /s/ Daniel P. Filor_____
                          By:   DANIEL P. FILOR
                                      ELLEN LONDON
                                        Assistant United States Attorneys
                                        86 Chambers Street
                                        New York, New York 10007
                                        Tel.: (212) 637-2726
                                        Fax:  (212) 637-2717
                                        Email: Daniel.Filor@usdoj.gov