DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, New York 10019
Telephone: 212.259.8000
Facsimile: 212.259.6333
Peter A. Ivanick, Esq.
Martin J. Bienenstock, Esq.
Lawrence M. Hill, Esq.

*Attorneys for the Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* | **Chapter 11 Case No.** |
| **AMBAC FINANCIAL GROUP, INC.,** | **10-15973 (SCC)** |
| Debtor. | |
| **AMBAC FINANCIAL GROUP, INC.,** | |
| Plaintiff, | **Adv. Pro. No. 10-4210 (SCC)** |
| and | |
| **THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS,** | |
| Intervenor, | |
| - against - | |
| **UNITED STATES OF AMERICA,** | |
| Defendant. | |

**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION PURSUANT TO SECTIONS 105(a) AND 362(a) OF THE BANKRUPTCY CODE AND RULE 7065 OF THE BANKRUPTCY RULES**

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Ambac Financial Group, Inc., as debtor and debtor in possession in the above-captioned chapter 11 case (the "Debtor"), hereby submits this reply (the "Reply")in further support of its Motion for Temporary Restraining Order and Preliminary Injunction Pursuant to Sections 105(a) and 362(a) of the Bankruptcy Code and Rule 7065 of the Bankruptcy Rules [Docket No. 8] (the "Motion"), and in response to the United States' memorandum in opposition thereto (the "Objection"), and respectfully represents:

As anticipated, Defendant United States (the "IRS") has argued the Anti-Injunction Act, codified at 26 U.S.C. § 7421, bars this Court from issuing the limited injunction requested by the Debtor. In fact, the IRS's entire Objection hinges on the protections afforded the IRS by the Anti-Injunction Act. As the IRS fails in major part to contend with the substance of the Debtor's Motion, those arguments unaddressed by the IRS shall not be considered in this Reply. Rather, this Reply details the manner in which both the Bankruptcy Code and Second Circuit precedent provide this Court with ample authority to issue the requested injunction. Indeed, Bankruptcy Code section 106(a) expressly provides the Bankruptcy Court with authority to issue orders under Bankruptcy Code section 105(a) notwithstanding any expressions of sovereign immunity by the IRS.

## ARGUMENT

### I. The IRS's Sovereign Immunity Was Abrogated By Bankruptcy Code Section 106

1. In this Circuit and others, courts have recognized the Anti-Injunction Act codifies the government's general sovereign immunity to assess and collect taxes. *See Randell v. United States*, 64 F.3d 101, 106 (2d Cir. 1995); *see also Murphy v. Internal Revenue Service*, 493 F.3d 170, 174 (D.C. Cir. 2007); *Clavizzao v.*

2

*United States*, 706 F. Supp. 2d 342, 346 (S.D.N.Y. 2009). By amending section 106 of the Bankruptcy Code in 1994, Congress expressly waived the federal government's sovereign immunity as to certain Bankruptcy Code sections. *See Presidential Gardens Assocs. v. United States*, 175 F.3d 132, 142 (2d Cir. 1999) ("It is undisputed that 11 U.S.C. § 106 abrogates federal sovereign immunity with respect to most aspects of bankruptcy administration ….").

        2.      Relevant to the Motion, Bankruptcy Code section 106(a) expressly waives sovereign immunity with respect to sections 105(a), 106, 362(a), and 505 of the Bankruptcy Code, which form the statutory predicates for the Debtor's requested relief. *See* 11 U.S.C. § 106(a) ("Notwithstanding an assertion of sovereign immunity, sovereign immunity is abrogated as to a governmental unit to the extent set forth in this section with respect to the following: (1) Sections 105, 106, … 362, … [and] 505 … of this title"). Thus, as an exercise of the federal government's sovereign immunity, the Anti-Injunction Act does not impair this Court's authority to issue the injunction sought in Debtor's Motion. Indeed, section 106 further provides, "[t]he [bankruptcy] court may issue against *a governmental unit* an order, process, or judgment under such sections or the Federal Rules of Bankruptcy Procedure, *including* an order or judgment awarding a money recovery, but not including an award of punitive damages." 11 U.S.C. § 106(a)(3) (emphasis added). By using the word "including" in the above-quoted provision, Congress plainly contemplated bankruptcy courts issuing orders *other than* for monetary

3

damages, such as injunctive relief, which is commonly employed in orders pursuant to sections 105(a),[1] 362, and 524, among other enumerated provisions.

3.  Thus, section 106(a) illustrates Congress's express intent to permit this Court to enjoin the IRS to preserve value for the Debtor's estate and foster reorganization.  *See In re G-I Holdings Inc.*, 420 B.R. 216, 280 (Bankr. D.N.J. 2009).

## II. The IRS Fails to Cite Relevant Precedent Addressing the Applicability of Section 106 in this Case

4.  The IRS cites a significant number of cases to demonstrate that the Anti-Injunction Act deprives bankruptcy courts of jurisdiction to enjoin IRS assessment and collection actions against non-debtors.  The cases the IRS cites, however, miss the point in two significant ways.

5.  First, all but two of the cases on which the IRS relies pre-date the 1994 amendment of section 106 of the Bankruptcy Code (*see* cases collected in the Objection at 9-10, 12 n.1), which explicitly established that sovereign immunity is abrogated as to all governmental units with respect to sections 105, 362, and 505, among others, as described above.  As a result, to the extent the cases cited by the IRS purport to limit the availability of remedies under sections 105, 362, and 505 based on sovereign immunity, they have been legislatively overruled by section 106.

---

[1] Moreover, as observed in note 11 of the Motion, Congress is presumed to know the existing law as new statutes are passed or existing laws are amended.  *See Dewsnup v. Timm*, 502 U.S. 410, 419 (1992) ("When Congress amends the bankruptcy laws, it does not write 'on a clean slate.'" (internal citation omitted)); *Nostas Assocs. V. Costich (In re Klein Sleep Prods. Inc.)*, 78 F.3d 18, 27 (2d Cir. 1996) (citing *Dewsnup* for the same proposition).  It was well established at the time of section 106's amendment in 1994 (and continues to be the practice today) that section 105 could be used for injunctive relief, including injunctive relief protecting non-debtors.  *See MacArthur Co. v. Johns-Manville Corp.*, 837 F.2d 89, 93-94 (2d Cir. 1988) (affirming an injunction preventing litigation against debtor's insurers, and explaining that section 105(a) had been "construed liberally to enjoin suits that might impede the reorganization process.").

4

6. As the IRS notes, the case law prior to 1994 established a number of common law exceptions to the Anti-Injunction Act. *See In re La Difference Restaurant, Inc.*, 63 B.R. 819 (S.D.N.Y. 1986); *In re Bostwick*, 521 F.2d 741 (8th Cir. 1975).[2] The rationale underlying those exceptions is still relevant and explains why the Anti-Injunction Act must yield in appropriate circumstances to the principles espoused by the Bankruptcy Code. These common law exceptions have unquestionably been expanded by the amendments made to section 106 in 1994.[3]

7. Second, the remaining cases the IRS cites, which followed the 1994 amendment, namely, *In re The Bankruptcy Court's Use of a Standardized Form of Chapter 13 Confirmation Order That Enjoins the Internal Revenue Service to Redirect Tax Refunds to Chapter 13 Trustees*, 423 B.R. 294 (E.D. Mich. 2010) ("*Chapter 13 Decision*") and *United States of America v. Plainwell, Inc. (In re Plainwell Inc.)*, No. 00-4350 (JWV), 2004 WL 2345717 (D. Del. Oct. 7, 2004), are inapplicable as they concern remedies not sought in this case and not contained within the section 106 exceptions to sovereign immunity. Nor do the cases undertake the legal analysis central to the Debtor's argument.

---

[2] The IRS attempts to distinguish these cases on the grounds that they "involved injunctions against the IRS preventing actions against a bankrupt debtor – not actions against non-debtors. . . ." Objection at 12 n.1. The reasoning contained within these cases, however, that the "common good" dictates that courts may proceed against the IRS even in the face of the Anti-Injunction Act, see *La Difference*, 63 B.R. at 825, and that "the overriding policy of the Bankruptcy Act is the rehabilitation of the debtor and . . . the Bankruptcy Court must have the power to enjoin the assessment and/or collection of taxes in order to . . . fulfill the ultimate policy of the Bankruptcy Act," *Bostwick*, 521 F.2d at 744, underlies the amendment of section 106, and its applicability to non-debtors under section 105.

[3] In effect, the 1994 amendment of section 106 resolved a split of judicial authority on the issue of whether the Anti-Injunction Act impaired a bankruptcy court's ability to enjoin action against non-debtors. *See* collection of cases in Objection at 12, n.1. As section 106 explicitly codified the abrogation of sovereign immunity as to section 105 of the Bankruptcy Code, the split was resolved in favor of allowing bankruptcy courts to enjoin IRS actions against non-debtors. The IRS's citation of *Brandt-Airflex Corp. v. Long Island Trust Co.*, 843 F.2d 90 (2d Cir. 1988) for the proposition that section 505(a) does not provide jurisdiction to determine the tax liability of non-debtors is inapposite.

5

8. In *Chapter 13 Decision*, the IRS filed a complaint seeking a writ of mandamus to prevent the chapter 13 trustees in the district from using a court-approved form of order directing tax refunds of chapter 13 debtors to be remitted to the trustees. The IRS argued it was entitled to mandamus because sovereign immunity closed other avenues to litigate the matter, and the district court agreed. The court did, however, recognize that "[s]ection 106 of the Bankruptcy Code provides a limited waiver of sovereign immunity," and cited by way of example the application of section 106 in conjunction with section 502 (also listed in section 106(a) as a section as to which sovereign immunity is abrogated) to "grant core jurisdiction over a valid objection to a claim by the IRS." 423 B.R. at 301.

9. Here, the Debtor seeks remedies pursuant to sections 105, 362, and 505 of the Bankruptcy Code, all of which are specifically listed in section 106(a) as sections of the Bankruptcy Code as to which sovereign immunity is abrogated. In contrast, the IRS's request in *Chapter 13 Decision* for a writ of mandamus to bar a standing order compelling the IRS to turn over chapter 13 debtors' tax refunds to chapter 13 trustees does not fall within any section enumerated in section 106(a), and thus has no bearing on the case at bar.

10. *Plainwell* dealt with the appeal of an order confirming a chapter 11 liquidation plan, where the United States objected to the plan's inclusion of third-party releases absolving debtors' officers and directors from the debtors' tax liability. On appeal, the district court ruled that, because the IRS had not asserted a tax claim against the debtors or their officers, the bankruptcy court lacked jurisdiction to enjoin the IRS from collecting taxes from the officers and directors. The court's analysis relied in part

6

on its mistaken impression that exceptions to the Anti-Injunction Act were created only by common law, and it does not appear the court even considered the impact of section 106. Thus, the case is not only distinguishable on its facts, but also erroneous as a matter of law, as the court completely ignored the express statutory waiver of the Anti-Injunction Act contained within section 106.

11.     Moreover, Bankruptcy Code section 505 is interpreted routinely to mean what it says, namely that the Bankruptcy Court can determine any tax, not only the debtor's tax. Here, the Debtor's tax and its subsidiaries' tax are one and the same. Given that section 106 allows the Bankruptcy Court to determine any tax and to issue orders under section 105(a), it is clear the Bankruptcy Court can issue orders protecting the Debtor's subsidiary and the Debtor's reorganization from the IRS.

12.     Unlike the debtors in *Plainwell*, here the Debtor seeks a determination of its tax liability under section 505, and an injunction against tax collection against its wholly-owned subsidiary prior to such determination (which has the dual benefit of preserving this Court's jurisdiction to decide the tax matter under section 505 and facilitating the reorganization of the Debtor). The jurisdiction of this Court to issue such an injunction rests with sections 105, 362, and 505 of the Bankruptcy Code, which are explicitly excepted from assertions of sovereign immunity under section 106.

13.     Simply put, the IRS fails to cite authority issued since the 1994 amendment of section 106 to support its erroneous contention that "the Debtor requests that the Bankruptcy Court ignore the statutory and regulatory framework of the federal tax laws, and simply override them via judicial fiat." Objection at 12. To the contrary,

7

the Debtor is asking this Court to use the authority explicitly granted by Congress to oversee and protect the Debtor's reorganization.

### III. The IRS's Efforts to Distinguish *G-I Holdings* Fail

14. Having failed to cite any cases that support its position, the IRS concludes its argument by attempting to distinguish the facts and holdings of *In re G-I Holdings, Inc.*, 420 B.R. 216 (Bankr. D.N.J. 2009), a case that is directly analogous.

15. The IRS fundamentally misreads *G-I Holdings*, arguing the *G-I Holdings* court[4] found the IRS's sovereign immunity had been waived solely on the basis that (a) the IRS filed a proof of claim, and (b) the court confirmed a plan that rendered the IRS unimpaired and prohibited the IRS from collecting and levying against non-debtor affiliates for more than the IRS had agreed it could collect from the debtors. *See* Objection at 12-14. Because the IRS has not yet filed a proof of claim in this case and no plan treating its claim as unimpaired is pending, the IRS argues the circumstances of this case are meaningfully distinguishable from *G-I Holdings*. *Id*.

16. This argument is wrong as a matter law and obscures the careful and instructive analysis undertaken by the *G-I Holdings* court, which expressly determined that section 106 of the Bankruptcy Code contains an unequivocal waiver of the IRS's sovereign immunity in bankruptcy. *See* 420 B.R. at 280. In *G-I Holdings*, the court first analyzed whether it had the jurisdiction and authority to approve a plan provision prohibiting the IRS from collecting from non-debtors "gap interest" and

---

[4] Given that *G-I Holdings* involved the issuance of an asbestos channeling injunction under section 524(g) of the Bankruptcy Code, the bankruptcy court and district court jointly presided over confirmation and issued a joint opinion regarding confirmation. As a result, all references to "the court" that rendered the *G-I Holdings* opinion refers to both the bankruptcy court and district court presiding together.

8

penalties accrued since the petition date that it could not collect from debtors that were part of the same consolidated tax group. *Id.* at 235-36, 277-79. The court found it had jurisdiction and the requisite authority under sections 105(a) and 1123(b)(6)[5] of the Bankruptcy Code to order the relief without issuing an injunction because the plan enforced a separate agreement between the IRS and the debtors under which the IRS agreed to refrain from collecting more from the non-debtors than it could collect under its allowed claim against the debtors. Nevertheless, the court further explained that, even if its confirmation order constituted an injunction, the court had the requisite authority to issue such an injunction under sections 105(a) and 1123(b)(6). *Id*. at 279-80.

17.     After the *G-I Holdings* court determined it had authority to enjoin the IRS, it next analyzed whether the Anti-Injunction Act limited such authority. And upon a review of that second and distinct issue, the court unequivocally determined that under section 106(a) of the Bankruptcy Code, "Congress explicitly waived governmental sovereign immunity in the bankruptcy context with respect to certain Bankruptcy Code sections, including sections 105 and 505," the precise provisions the Debtor asks this Court to apply here in determining its tax liability. *Id.* at 280. "Because the waiver of governmental sovereign immunity in the bankruptcy court arises from the Constitution itself, *see Central Va. Cmty. Coll. v. Katz*, 546 U.S. at 379," the *G-I Holdings* court held "the Anti-Injunction Act does not impede its authority to issue an order that provisionally limits the IRS from seeking to collect additional amounts from [a non-debtor] than those provided for in the Plan." *Id*. The *G-I Holdings* court did not limit its holding to the

---

[5]     Section 1123(b)(6) of the Bankruptcy Code permits a plan to include "include any other appropriate provision not inconsistent with the applicable provisions of [the Bankruptcy Code]."

9

facts of the case. Rather, the court made clear that section 106(a) constitutes an *express waiver* of governmental sovereign immunity with respect to each of the specific sections of the Bankruptcy Code listed in section 106(a). *Id.*

    18.  Rather than squarely addressing the clear analysis of *G-I Holdings*, the IRS argues the filing of the IRS's proof of claim in *G-I Holdings* was of "particular importance" to the court's findings regarding the express waiver in section 106. But the IRS's filing of a proof of claim was by no means the linchpin of the *G-I Holdings* court's specific determination that Congress waived sovereign immunity with respect to specific provisions of the Bankruptcy Code (including 105 and 505) under section 106(a). Rather, the IRS's proof of claim provided an *additional* and *separate* basis for the IRS's waiver of sovereign immunity under section 106(b). This is clear from a simple reading of the statute, as the *G-I Holdings* court explained: "when a governmental unit files a proof of claim in a bankruptcy case, it 'is deemed [under section 106(b)] to have waived sovereign immunity with respect to a claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which the claim of such governmental unit arose.'" *Id*. at 280 n.69 (quoting 11 U.S.C. § 106(b)).

    19.  The IRS also overlooks the fact that this adversary proceeding is a core proceeding because it arises under section 505 of the Bankruptcy Code. Therefore, there is no significance to the IRS not having filed a proof of claim to date.

    20.  Finally, the IRS fails to refute the analogous circumstances present in this case and *G-I Holdings*. In *G-I Holdings*, the court determined it could enjoin the IRS from collection actions against non-debtors because if the IRS attempted to collect

10

the additional tax liabilities from the non-debtors, such actions would jeopardize the debtors' ability to reorganize. Notably, one of the non-debtors protected in *G-I Holdings* was the chief operating subsidiary of the debtors' corporate tax group. Because the debtors' reorganization prospects relied on the operating subsidiary's cash flow and business, the debtors demonstrated it was "critical to the … reorganization efforts that the IRS not seek to collect more from [non-debtor affiliates] than it is entitled to [from the debtors]." *Id*. at 279. Further, the court stated the injunction "would only be provisional, as it would be dependent upon the satisfaction by the Debtors of their obligations to the IRS under the Plan." *Id*. at 280.

21.     Here, the Debtor seeks a similar order that will protect its operating subsidiary, AAC, from assessment and collection actions until such time as this Court determines the Debtor's tax liability under section 505 of the Bankruptcy Code, a tax liability it shares with AAC as members of a consolidated tax group. If such injunction is not issued, the IRS may levy and place liens upon AAC's assets (*see G-I Holdings* at 278), sounding the possible death knell for the Debtor's reorganization prospects before this Court has been afforded the opportunity to exercise its section 505 powers to determine the Debtor's liability. The Court's authority to issue the injunction thus expressly derives from sections 105, 362, and 505 of the Bankruptcy Code. Like the injunction in *G-I Holdings*, the injunction will be provisional as it will remain in effect only until this Court makes a determination regarding the Debtor's tax liability under section 505. For all these reasons, *G-I Holdings* is analogous to the present case, providing direct support for this Court's jurisdiction and authority to grant the requested injunction. Moreover, because section 106(a) of the Bankruptcy Code expressly provides

11

the IRS has waived its sovereign immunity with respect to the Court's powers under sections 105(a), 362(a), and 505, the Anti-Injunction Act does not limit such authority, as the *G-I Holdings* court expressly found.

## CONCLUSION

The Debtor respectfully requests that this Court issue an order, granting (i) the relief requested in the Motion, and (ii) such other and further relief as the Court may deem just and appropriate.

Dated: New York, NY
        February 1, 2011

DEWEY & LEBOEUF LLP

/s/ Peter A. Ivanick
Peter A. Ivanick, Esq.
Martin J. Bienenstock, Esq.
Lawrence M. Hill, Esq.
1301 Avenue of the Americas
New York, New York 10019
Telephone: 212.259.8000
Facsimile: 212.259.6333

*Attorneys for the Debtor and Debtor in Possession*