DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, New York 10019
Telephone: 212.259.8000
Facsimile: 212.259.6333
Peter A. Ivanick, Esq.
Martin J. Bienenstock, Esq.
Lawrence M. Hill, Esq.

*Attorneys for the Debtor and Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ------------------------------------------------------------x | Chapter 11 Case No. |
| *In re* : | |
| : | 10-15973 (SCC) |
| AMBAC FINANCIAL GROUP, INC., : | |
| : | |
| Debtor. : | |
| : | |
| ------------------------------------------------------------x | |
| AMBAC FINANCIAL GROUP, INC., x | |
| Plaintiff, : | Adversary Proceeding |
| - against - : | No. 10-4210 (SCC) |
| : | |
| UNITED STATES OF AMERICA, : | |
| : | |
| Defendant**.** : | |
| ------------------------------------------------------------: x | |

**MOTION TO ENFORCE TEMPORARY RESTRAINING ORDER
PURSUANT TO SECTIONS 105 AND 362(a) OF THE BANKRUPTCY
<u>CODE AND RULE 7065 OF THE BANKRUPTCY RULES</u>**

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPCY COURT

       Debtor-plaintiff Ambac Financial Group, Inc. ("<u>AFG</u>" or the "<u>Debtor</u>"), as

debtor and debtor in possession, hereby moves his Court pursuant to the Local Rules for

the United States Bankruptcy Court for the Southern District of New York, Bankruptcy

Code sections 105 and 362(a) of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et*

1

*seq.* ("Bankruptcy Code") and Rule 7065 of the Federal Rules of Bankruptcy Procedures ("Bankruptcy Rules"), for an order (i) enforcing the stipulated Temporary Restraining Order ("Injunction Order"), so ordered by this Court on November 9, 2010, and directing the United States to dismiss the complaint filed in the United States District Court for the Western District of Wisconsin (Case No. 11-cv-99) (ii) enjoining Defendant from further action in violation of the Injunction Order, including commencing or prosecuting any actions, claims, lawsuits or other formal legal proceedings in regard to the Debtor without proper notice, and (iii) granting such other and further relief as the Court deems appropriate. In further support for the Motion, Debtor respectfully represents:

## Background

1. The Debtor is a holding company and its principal wholly-owned operating subsidiary, Ambac Assurance Corporation ("AAC"), is a Wisconsin-domiciled financial guaranty insurance company whose business includes the issuance of financial guaranty insurance policies to support public finance, structured finance, and international finance transactions. AAC is subject to the insurance laws and regulations of the State of Wisconsin and is regulated by the Office of the Commissioner of Insurance of the State of Wisconsin ("OCI"). Until 2008, when AAC stopped selling new policies because of its deteriorating financial condition and lowered credit ratings, AAC offered financial guaranty insurance on investment grade municipal finance and private structured-finance debt obligations, such as municipal bonds and residential mortgage-backed securities.

2. On March 4, 2010, OCI approved the establishment of a segregated account of ACC (the "Segregated Account"), pursuant to Wisconsin statute, to

segregate certain segments of ACC's liabilities.  Further, on March 24, 2010, OCI commenced rehabilitation proceedings with respect to the Segregated Account (the "Rehabilitation Proceedings") in the Circuit Court for Dane County, Wisconsin (the "Rehabilitation Court") to facilitate an orderly run-off and/or settlement of the liabilities of the Segregated Account.  On October 8, 2010, OCI filed a plan of rehabilitation with respect to the Segregated Account in the Rehabilitation Court.  On January 21, 2011, the Rehabilitation Court signed a Decision and Order confirming the rehabilitation plan.  The Order was entered on January 24, 2011.

### Adversary Proceeding and Injunction Order

3. On November 8, 2010 (the "Commencement Date"), the Debtor commenced a voluntary case under chapter 11 of the Bankruptcy Code.  The Debtor continues to operate its businesses and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On November 9, 2010, Debtor commenced this adversary proceeding (the "Adversary Proceeding") against the United States (the "IRS") seeking a declaration that it has no tax liability for tax years 2003 through 2008 and that it is entitled to retain tax refunds that were paid to it by the IRS. (Hill Decl. ¶ 5)

5. The Adversary Proceeding relates to the Debtor's claims with the IRS for tentative carry back adjustments on Form 1139 (Corporate Application for Tentative Refund) as a result of the carry back to prior taxable years of approximately $33 million and $3.2 billion of net operating loss carryovers ("NOLs") in 2008 and 2009, respectively, which resulted in AFG receiving tax refunds in December 2008, September 2009 and February 2010 aggregating approximately $700 million (the "Tax Refunds") from the IRS.

6. On October 28, 2010, the IRS sent an information document request (an "IDR") to the Debtor regarding a Form 3115 Change of Accounting Methodology Request filed in 2008 and Debtor's calculation of the Tax Refunds. In addition, the IRS questioned certain calculations underlying Debtor's reported consolidated NOLs of approximately $7.3 billion as of September 30, 2010. At that time, the IRS informed the Debtor it may take action that, if not enjoined by this Court, will have a major impact on the Debtor's reorganization and AAC's state rehabilitation plan. Specifically, after having issued prepetition Tax Refunds aggregating approximately $700 million to AFG, as the tax filer of Ambac's consolidated tax group, the IRS now intends to re-assess AFG's tax liability and demand a return of the Tax Refunds, which were distributed by AFG almost entirely to AAC, pursuant to their tax sharing agreement. Under its statutory powers, the IRS can do this and more - including creating liens and levying on AAC's assets (and the assets of AFG's other non-debtor subsidiaries which are included in Ambac's consolidated tax group) - without AFG or its creditors having notice to take preemptive actions. If these events occur, AAC's rehabilitation plan will be scuttled and its performing assets will be pulled into the pending Rehabilitation Proceeding, effectively ending AFG's reorganization efforts in chapter 11.

7. In connection with the Rehabilitation Proceeding, on November 8, 2010, OCI appeared before the Rehabilitation Court seeking an expansion of a previously entered injunction (as expanded, the "State Court Injunction") to, in part, prevent the IRS from asserting liens against and levying upon the assets of AAC and its subsidiaries and to prevent AFG or AFG-related parties from pursuing specific claims against the

4

Segregated Account, the General Account, or AAC's subsidiaries. As ordered by the Rehabilitation Court, the State Court Injunction provides, in part:

> NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Rehabilitator's Motion for Temporary Supplemental Injunctive Relief is GRANTED, and the following temporary supplemental injunctions are hereby ENTERED:
>
> 3. . . . the United States Internal Revenue Service, and all other federal and state governmental entities (collectively, the "Enjoined Parties"), are enjoined and restrained from commencing or prosecuting any actions, claims, lawsuits or other formal legal proceedings in regard to the Allocated Disputed Contingent Liabilities in any state, federal or foreign court, administrative body or other tribunal against: (a) the Segregated Account; (b) any subsidiary of Ambac whose stock, limited liability company member interests, or other forms of ownership interests were allocated to the Segregated Account - namely, Ambac Credit Products, LLC, Ambac Conduit Funding, LLC, Juneau Investments, LLC, and Aleutian Investments, LLC (the "Allocated Subsidiaries"); (c) Ambac Assurance Corporation ("Ambac" or the "Ambac General Account") in respect of the Segregated Account or policies (including financial guarantee insurance policies and surety bonds), contracts, liabilities, or disputed contingent liabilities allocated to the Segregated Account; (d) any subsidiary of Ambac . . .

(Hill Decl. ¶ 7, Exhibit 1)

8. To preserve the status quo of its reorganization efforts and provide the Debtor with further opportunity to seek injunctive relief, the Debtor filed a motion in the Adversary Proceeding seeking a TRO and preliminary injunction ordering the IRS to provide five business days' prior written notice (filed with the Court and served by electronic mail on Debtor's counsel) before taking any enforcement action contrary to the State Court Injunction, whether or not such injunction remains in effect, pending a final determination of AFG's prepetition tax liability under section 505(a) of the Bankruptcy Code. (Hill Decl. ¶ 6)

9.      On the day that the adversary proceeding was commenced, November 9, 2010, AFG and the IRS advised this Court of an agreement reached with regard to Debtor's motion for a TRO, restricting the actions of the IRS pending a determination of AFG's motion for a preliminary injunction. The terms of this agreement were described in open court, as reflected at pages 10-12 of the hearing transcript. (Hill Decl. ¶ 9, Exhibit 2) In summary, the IRS agreed to provide Debtor with five days notice before taking "any action that violates the state court injunction, whether or not it's in effect." (*Id.,* Exhibit 2, at 11) This reference to the "state court injunction" meant the injunction orders entered by the Wisconsin state court overseeing the rehabilitation of the Segregated Account of Ambac Assurance Corporation ("AAC"). The Bankruptcy Court then entered an order on the record to this effect. (*Id.,* Exhibit 2, at 11-12)

10.     Debtor has reviewed the State Court Injunction order entered by the Circuit Court for Dane County. In particular, paragraph 3 of this order states that the IRS is enjoined from commencing any action against AAC "in respect of the Segregated Account or . . . disputed contingent liabilities allocated to the Segregated Account." The IRS's potential claim against AAC concerning tax liability for 2007 and 2008 is one of the "disputed contingent liabilities allocated to the Segregated Account." (Hill Decl. ¶ 8)

11.     On February 9, 2011, the IRS filed an action against AAC and others in the United States District Court for the Western District of Wisconsin ("District Court Action") . (Hill Decl. ¶10, exhibit 3) The complaint seeks, in part, to enjoin the Wisconsin State Court from enforcing the State Court Injunction issued on November 8, 2010. The IRS also filed in the District Court Action a motion seeking a preliminary injunction to prevent enforcement of the State Court Injunction. The IRS requested an

6

expedited hearing, set for February 17, 2011, which lead the District Court to require responsive briefing by February 15, 2011.

14. 12. To Debtor's knowledge and after making inquiries with other lawyers representing AFG in the Bankruptcy Court, the IRS did not provide notice to AFG that it intended to file the District Court Action. (Hill Decl. ¶ 11) In addition, no notice was provided to the Bankruptcy Court.

13. Based on the foregoing analysis, the IRS has violated the stipulated Injunction Order described above. The Government consented to the Injunction Order which was agreed in court by Joseph Cordaro, an attorney from the United States Attorneys Office. Notwithstanding the Government's consent, the IRS, contrary to the terms of the Injunction Order and in violation of it, has commenced the District Court Action against AAC.

14. There is no question that the Injunction Order is absolutely clear and unambiguous in prohibiting the IRS from commencing any action against AAC with respect to the Segregated Account. The IRS has willfully ignored the notice provision of the Injunction Order and has acted as if the Court had never made such order. Accordingly, pursuant to section 105 of the Bankruptcy Code, there exists sufficient ground for this Court to: (i) enforce the Injunction Order so ordered by this Court on November 9, 2010, and direct the United States to dismiss the complaint filed in the United States District Court for the Western District of Wisconsin (Case No. 11-cv-99); and (ii) enjoin Defendant from further action in violation of the Injunction Order, including commencing or prosecuting any actions, claims, lawsuits or other formal legal proceedings in regard to the Debtor without proper notice.

7

15. Pursuant to Local Bankruptcy Rule for the Southern District of New York 9013-1(b), because there are no novel issues of law presented by this application, and because the statutes and authorities on which Debtor relies are cited herein, Debtor respectfully requests that the Court waive the requirement that Debtor file a separate memorandum of law in support of this Motion.

16. Debtor seeks an expedited hearing to be scheduled on February 18, 2011.

17. No prior application for the relief requested herein has been made to this or any other court.

WHEREFORE Ambac respectfully requests that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: New York, New York
February 15, 2011

DEWEY & LEBOEUF LLP

By: /s/ Peter A. Ivanick
Peter A. Ivanick, Esq.
Martin J. Bienenstock, Esq.
Lawrence M. Hill, Esq.
1301 Avenue of the Americas
New York, New York 10019
Tel: (212) 259-8000
Fax: (212) 259-6333

*Attorneys for Debtor and Debtor in Possession*

8