UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
*In re*                                                     :
                                                            :    **Chapter 11**
AMBAC FINANCIAL GROUP, INC.,                                :
                                                            :    **Case No. 10-15973 (SCC)**
      Debtor.                  :
                                                            :
------------------------------------------------------------x
                                                            :
AMBAC FINANCIAL GROUP, INC.,                                :
                                                            :
      Plaintiff,              :
                                                            :    **Adv. Pro. No. 10-4210 (SCC)**
  v.                                               :
                                                            :
UNITED STATES OF AMERICA,                                   :
                                                            :
      Defendant.               :
                                                            :
------------------------------------------------------------x

**ORDER PURSUANT TO SECTION 105(A) OF THE BANKRUPTCY CODE AND
GENERAL ORDER M-390 FOR AUTHORIZATION TO IMPLEMENT
<u>ALTERNATIVE DISPUTE RESOLUTION PROCEDURES</u>**

Upon the motion dated February 1, 2011 (the "<u>Motion</u>"),[1] of Ambac Financial Group, Inc., as debtor and debtor in possession in the above-captioned chapter 11 case (the "<u>Debtor</u>," and together with its non-debtor affiliates, "<u>Ambac</u>"), for entry of an order authorizing the implementation of alternative dispute resolution procedures relating to the above-captioned adversary proceeding between the Debtor and the United States, and such other matters as may aid in the disposition of the action, all as more fully described in the Motion; and upon a hearing having been held on February 18, 2011 (the "<u>Hearing</u>"); and upon the record of the Hearing and all of the proceedings had before the Court; and the Court having

---

[1] Capitalized terms used but not defined herein shall have the meanings set forth in the Motion.

jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334(b) and 28 U.S.C. § 2201; and venue being proper before this Court pursuant to 28 U.S.C. § 1409(a); and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and the Court having determined that the relief set forth below is in the best interests of the Debtor, its estate, its creditors, and all parties interest, and the United States and the Creditor's Committee having consented to this Order; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED that:

1. The Motion is granted to the extent provided herein.

Alternative Dispute Resolution

2. General Order M-390. All provisions of General Order M-390, providing for Procedures Governing Mediation of Matters and the Use of Early Neutral Evaluation and Mediation/Voluntary Arbitration in Bankruptcy Cases and Adversary Proceedings in the Bankruptcy Court for the Southern District of New York and all existing and further amendments thereto (the "Standing Order") shall apply to the mediations to be conducted under this Order.

3. Participation Mandatory. Unless otherwise provided in a specific order applicable to this adversary proceeding,

   a. compliance with the alternative dispute resolution procedures in this Order is mandatory in this adversary proceeding for both the Debtor and the United States; and

   b. no party is required to settle or compromise any dispute or enter into a particular settlement or compromise, but each party must engage in the

specified communications to discuss settlement, participate in mediation in good faith, and otherwise comply with the alternative dispute resolution procedures specified below.

4. <u>Settlement of Disputes During the Alternative Dispute Resolution Procedures</u>. Nothing contained herein shall prevent the parties from settling, and the parties are encouraged to settle, this adversary proceeding at any time before, during, or following the commencement of alternative dispute resolution procedures by the mutual consent of the parties, provided that such settlement is approved by specific order of the Court. Any settlement discussions between any of the parties, including the intervenor, the statutory committee of creditors (the "<u>Committee</u>"), the contents of any papers submitted during the mediation described below, and all discussions in mediation shall remain confidential and privileged and shall not be discoverable or admissible as evidence in any subsequent litigation of this adversary proceeding or elsewhere, except as provided by further order of this Court.

5. <u>Request for Initial Settlement Conference</u>. Within ten (10) calendar days of the date of this Order, the Debtor or the United States may request an initial telephonic (or in person if the parties agree) settlement conference (a "<u>Settlement Conference</u>") by written request, to be held within ten (10) calendar days of the receipt of such request. If an acceptable date cannot be achieved through this process, the parties shall immediately proceed to mediation. At least one hour shall be reserved for the initial Settlement Conference and only the Debtor and its representatives, the United States and its representatives, and the Committee and its representative will participate. No mediator or representative of the Court will participate in the initial Settlement Conference specified

3

in this paragraph. The initial Settlement Conference, together with any continuations or rescheduled settlement calls or meetings arising from that initial Settlement Conference, will be subject to Rule 408 of the Federal Rules of Evidence and analogous state evidentiary provisions, and the confidentiality provisions of this Order shall apply as if a mediator were present. Subsequent Settlement Conferences may be held in person if both parties agree in writing.

6. <u>Mediation</u>. Unless all issues in this adversary proceeding have been settled, mediation will commence sixty (60) calendar days after the date of this Order without regard to whether a Settlement Conference has been held or requested or if a Settlement Conference is still scheduled to occur.

    a. Debtor and the United States together shall contact the mediator to schedule the initial mediation date.

    b. <u>Choice of Mediator</u>. If the parties cannot agree upon a mediator by March 18, 2011, the Court shall appoint a mediator and alternate mediator.

    c. <u>Mediation Sites</u>. All mediation proceedings will take place in New York, New York, unless otherwise agreed to by the parties and the mediator.

    d. <u>Mediation Briefs</u>. Both parties to the mediation may submit a mediation brief, with service upon the other party to the mediation and upon the Committee; *provided*, *however*, the mediator may direct the parties to serve upon each other, the mediator, and the Committee a mediation brief. If a party to the mediation opts to serve a mediation brief upon the other party to the mediation hereunder, such mediation brief shall also be served upon the mediator and the Committee. Any such mediation brief shall be

> > served no later than five (5) calendar days prior to the scheduled mediation proceeding. The parties shall also have the opportunity to submit *ex parte* mediation briefs to the mediator at the same time as the mediation briefs discussed above. No mediation brief shall be filed with the Court.
>
> e. <u>Appearance at Mediations</u>. Counsel may appear on behalf of the parties provided that a principal for each party who would have a major role in submitting a recommendation to the individuals with the ultimate decision-making responsibility is available by telephone to discuss settlement. The Committee may attend and participate in all mediations hereunder
>
> f. <u>Mediation Deadline</u>. Mediation shall be completed no later than thirty (30) calendar days after the close of fact discovery.

7. <u>Deadlines</u>. Notwithstanding any of the provisions set forth above, any of the deadlines contained herein may be modified by: (i) the mutual consent of the Debtor and the United States or (ii) the Court, for cause shown.

8. <u>Confidentiality</u>. The confidentiality provisions of Rule 5.0 of the Standing Order are hereby incorporated by reference into this Order. No statements or arguments made or positions taken by the mediator, Debtor, the Committee, and the United States during any part of the alternative dispute resolution process, including the Settlement Conference and mediation, may be disclosed by the mediator or any such parties or their attorneys and advisors to the Court or any third party. Similarly, all briefs, records, reports, and other documents received or made by the mediator while serving in such capacity shall remain confidential and not be provided to the Court, unless they would be

otherwise admissible.  In addition, the mediator shall not be compelled to disclose such records, reports, and other documents in connection with any hearing held by the Court; *provided*, *however*, the mediator may report to the Court the status of the mediation efforts but shall not disclose the content thereof.  Rule 408 of the Federal Rules of Evidence shall apply to all aspects of the alternative dispute resolution procedures, including the Settlement Conference and mediation.

9. Fees.  Except as otherwise provided herein, each party to the mediation shall bear its own counsel fees and other costs of the mediation.  All parties to the mediation will be equally responsible for the fees and expenses of the mediator.

10. Jurisdiction.  This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order, unless reference is withdrawn to the district court and the district court exercises jurisdiction over this matter pertaining to this Order.  Nothing herein shall prejudice or otherwise affect the motion to withdraw the reference pending before the Honorable Paul G. Gardephe.  Nor shall anything set forth herein constitute an admission on the part of the United States, Debtor, or the Creditor's Committee as to whether the district court or the bankruptcy court has jurisdiction under 28 U.S.C. §  157(d).

Dated: March 2, 2011
      New York, New York

                                      /S/ Shelley C. Chapman
                                      THE HONORABLE SHELLEY C. CHAPMAN
                                      UNITED STATES BANKRUPTCY JUDGE