UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re*<br><br>AMBAC FINANCIAL GROUP, INC.,<br><br>　　　　Debtor.<br><br>---<br><br>AMBAC FINANCIAL GROUP, INC.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendant. | **Chapter 11**<br><br>**Case No. 10-15973 (SCC)**<br><br><br><br>**Adv. Pro. No. 10-4210 (SCC)** |

## AGREED CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned parties to this litigation through their respective counsel, that, in connection with discovery in this action, whether conducted informally or pursuant to the Federal Rules of Civil Procedure, any documents or information, including all copies, excerpts, and summaries thereof (collectively, "Material"), designated as "Protected" by a party or nonparty shall be used, shown or disclosed only as follows:

1.　　The term "Designating Party" as used herein shall mean the person who produces the Material. The term "Receiving Party" as used herein shall mean the person to whom the Material is produced.

2.　　The term "Parties," as used herein, means Ambac Financial Group, Inc. and its subsidiaries, the United States of America, the Internal Revenue Service, and the Official Committee of Unsecured Creditors.

3. Any party or nonparty may designate any Material produced voluntarily or provided in response to a request for documents and information, subpoena, or informal request, as "Protected" if such party or nonparty in good faith believes that such Material contains confidential, proprietary, or commercially sensitive information of the Designating Party or of any party to this action requiring the protections provided in this Stipulation and Protective Order ("Protected Material"). Such designation may be made at any time, but in the event that the designation is not made at or before the time when the Material is provided, the terms of this Stipulation and Protective Order shall only apply subsequent to the designation.

4. The restrictions and obligations set forth herein relating to Protected Material shall not apply to any information which: (a) is already public knowledge or otherwise in the public domain, (b) has become public knowledge or enters the public domain other than as a result of disclosure in violation of this Stipulation and Protective Order or (c) has come or shall come into a Receiving Party's legitimate possession from sources other than the Designating Party and the Receiving Party is not aware that the information was obtained in violation of a court order.

5. Protected Material shall be designated as follows:

    a. In the case of documents, designation shall be made by placing the legend "Protected" on each page of such documents prior to production.

    b. In the case of depositions, designation of the transcript or the portion of the transcript (including exhibits) which contains Protected Material shall be made by a statement to such effect on the record during the course of the deposition, or by a statement in

writing sent to all counsel of record within ten (10) business days after receipt of the transcript of the deposition. Pending the expiration of such ten-day period, transcripts shall be treated as Protected Material in their entirety. If a Protected designation is made, the court reporter shall be directed to place the appropriate legend on the cover of the transcript and on all portions of the transcript designated as "Protected" (the parties may modify this procedure for any particular deposition through agreement on the record at such deposition, without further order of the Court).

6. Except as noted in the following sentence, all pleadings, motions or other papers filed with the Court that contain or disclose Protected Material may be filed and kept under seal pursuant to the procedures specified in the Local Bankruptcy Rules of the United States District Court for the Southern District of New York and the Court's individual rules. No document treated as protected under this Protective Order may be filed under seal with the Court in reference to a dispositive motion or submitted as evidence at trial under seal, unless the Court, on separate motion for good cause shown, grants leave to file or submit into evidence such documents under seal.

7. Protected Material shall be made available to "Qualified Persons" and as provided in Paragraph 12.

8. "Qualified Persons," as used herein, means the parties, the officers and employees of the parties who are involved in this action, the Court, Court personnel, court reporters employed in connection with this action, counsel of record, all attorneys, student interns and paralegals at any law firm or government agency employing any counsel of record,

witnesses and their counsel, experts and consultants employed by the parties or counsel in connection with this action, and paraprofessional, stenographic and clerical employees employed by and assisting any of the foregoing individuals. Any other person may be deemed a Qualified Person with the written agreement of all parties.

9. If any party objects to the designation of any Material as Protected Material, such party shall notify the Designating Party in writing. The parties shall attempt in good faith to resolve all objections by agreement. If any objections cannot be resolved by agreement, the parties shall cooperate in jointly submitting the dispute to the Court for resolution, and the Designating Party shall have the burden of proving the Material's protected nature. Until an objection has been resolved by agreement of counsel or by order of the Court, the Material shall be treated as Protected Material and subject to this Stipulation and Protective Order.

10. Protected Material may be used only in this action, and not for any other purpose whatsoever, and shall not be given, shown, made available or communicated in any way to anyone except Qualified Persons. In the event that any Qualified Person herein desires to disclose any Material designated as Protected to anyone other than a Qualified Person, or to use or disclose such Material in any other case or circumstance outside of this action, such disclosure shall be strictly prohibited unless the Qualified Person desiring such disclosure first obtains written consent thereto from the Designating Party. Notwithstanding the foregoing, nothing in this Stipulation and Protective Order shall prohibit the United States from utilizing and/or disclosing Protected Material as necessary in any criminal investigation or proceeding, or as otherwise permitted under federal law, including 26 U.S.C. § 6103.

11. If Protected Material is sought by means of a subpoena, document request or other form of demand or request by any court, administrative or legislative body, or any other person purporting to have authority to subpoena or otherwise request or demand such information, the party to whom the subpoena, request or demand is directed shall give written notice thereof by facsimile or email (including the delivery of a copy thereof) to counsel for the Designating Party within five (5) days after the receipt of the subpoena, request or demand. In the event that the subpoena, request or demand purports to require production of such Protected Material on less than seven (7) days notice, the party to whom it is directed shall give immediate email or telephonic notice of the receipt thereof, and forthwith deliver a copy thereof to the Designating Party's attorneys by hand, e-mail or facsimile. The party receiving the subpoena, request or demand shall, to the extent permitted by law, withhold production of the subpoenaed material until any dispute relating to the production of such material is resolved.

12. Each person, excluding counsel of record for the parties, being given access to Protected Material pursuant to Paragraph 7, shall be advised that (i) the Protected Material is being disclosed pursuant to and subject to the terms of this Stipulation and Protective Order and may not be disclosed other than pursuant to the terms hereof, and (ii) that the violation of the terms of this Stipulation and Protective Order may be grounds for a party to seek sanctions from the Court.

13. Protected Material may be made available or communicated to the Office of the Commissioner of Insurance of the State of Wisconsin ("OCI") and its counsel provided that the OCI has agreed to be bound to the terms of this Stipulation and Protective Order. This provision is without prejudice to the right of any party to object to a request made by OCI on any ground.

14. Upon request by the Designating Party, within thirty (30) days after the conclusion of this case, all persons having received Protected Material shall either make a good faith effort to return such material and all copies thereof (including summaries and excerpts) to counsel for the party that produced it or destroy all such Protected Material and certify that fact to counsel for the party from whom the Protected Material was obtained. Counsel for the parties in this action shall be entitled to retain copies of submissions to the Court, transcripts and attorney work product (including discovery material containing Protected Material), provided that such counsel, and employees of such counsel, shall not disclose such submissions, transcripts or attorney work product to any person except pursuant to court order, agreement with the party that produced the Protected Material, or pursuant to Paragraph 10 hereof. All materials returned to the parties or their counsel by the Court likewise shall be disposed of in accordance with this Paragraph. Notwithstanding the foregoing, nothing herein shall prohibit the United States from retaining any Protected Material as necessary in any criminal investigation or proceeding or otherwise permitted under federal law.

15. If, at any time after producing a document or information, the Designating Party determines that certain Material should have been designated as Protected, the Designating Party shall promptly provide a replacement copy of the Material bearing a Protected designation to the Receiving Party, at which time the Material will be deemed Protected. The Receiving Party shall promptly return the undesignated Material (and all copies thereof) that is in its possession, custody or control to the Designating Party or destroy such material after receiving the replacement copy.

16. Notwithstanding any provision contained herein, no provision of this Stipulation and Protective Order shall be deemed to expand or restrict the scope of discovery that

may be ordered by the Court. Nothing in this Stipulation and Protective Order shall be deemed to limit or modify any party's other confidentiality obligations, including but not limited to any obligations to maintain the confidentiality of another party's financial or other information.

17. It is the present intention of the parties hereto that the provisions of this Stipulation and Protective Order shall govern discovery in this action. Nevertheless, the parties hereto shall be entitled to seek modification of this Stipulation and Protective Order by agreement or, if agreement cannot be reached, by application to the Court on notice to the parties hereto for good cause.

18. Nothing in this Stipulation and Protective Order shall operate to require the production of information or documents that are privileged or otherwise protected from discovery, and this Stipulation and Protective Order does not prejudice in any way the right of a party to object to the production of documents it considers not subject to discovery.

19. No disclosure of Material shall be deemed a waiver of any claim of confidentiality outside of this action.

20. This Stipulation and Protective Order may be executed in counterparts.

21. Nothing in this Stipulation and Protective Order shall prejudice or otherwise affect the motion to withdraw the reference pending before the Honorable Paul G. Gardephe. Nor shall anything set forth herein constitute an admission on the part of the United States, Debtor, or the Creditor's Committee as to whether the district court or the bankruptcy court has jurisdiction under 28 U.S.C. § 157(d).

22. The terms of this Stipulation and Protective Order shall survive any final disposition of this action.

| | |
|---|---|
| Dated: April  1 , 2011<br>DEWEY & LEBOEUF LLP | Dated: April  1 , 2011<br>PREET BHARARA<br>United States Attorney for the<br>Southern District of New York |
| By:   /s/ Lawrence M. Hill<br>Peter A. Ivanick, Esq.<br>Martin J. Bienenstock, Esq.<br>Lawrence M. Hill, Esq.<br>1301 Avenue of the Americas<br>New York, NY 10019<br>Tel:     (212) 259-8000<br>Fax:    (212) 259-6333 | By:   /s/ Ellen London<br>Daniel P. Filor<br>Ellen London<br>Assistant United States Attorneys<br>86 Chambers Street – 3rd Floor<br>New York, New York 10007<br>Tel. No.:  (212) 637-2726 (Filor)<br>              (212) 637-2737 (London)<br>Fax No.:   (212) 637-2717 |
| *Counsel for Plaintiff – Debtor*<br>*Ambac Financial Group, Inc.* | *Counsel for Defendant –*<br>*United States of America* |

Dated: April   1  , 2011
MORRISON & FOERSTER LLP

By:  /s/ Edward L. Froelich
Anthony Princi, Esq.
Gary S. Lee, Esq.
Thomas A. Humphreys, Esq.
Edward L. Froelich, Esq. (admission pending)
1290 Avenue of the Americas
New York, NY 10104
(212) 637-2726

*Counsel for the Official Committee of Unsecured Creditors of Ambac Financial Group, Inc.*

IT IS SO ORDERED this   5th   day of   April   , 2011

/S/ Shelley C. Chapman
Judge Shelley C. Chapman
U.S. Bankruptcy Court